█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NDUA GEGA, Appellant.—Appeal from judgment of conviction by plea of guilty, Supreme Court, Bronx County, rendered August 17, 1976, held in abeyance, counsel's motion to be relieved denied, and counsel directed to proceed as hereinafter indicated. "Upon finding [appellant's] case to be wholly frivolous, after a conscientious examination of the record, counsel should so advise the court and request permission to withdraw. Such request should be accompanied by a brief reciting the underlying facts and highlighting anything in the record that might arguably support the appeal." *(People v Saunders,* 52 AD2d 833, speaking of the procedures established by *Anders v California,* 386 US 738.) The brief should "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." *(Anders, supra,* p 745.) These procedures "are infused with constitutional imperatives." *(People v Moore,* 56 AD2d 517, 518, citing *Anders, supra,* p 744.) We are of the opinion that counsel has not followed these clear instructions. Aside from the CPLR 5531 statement, the brief consists of little more than two pages of text, stating that there had been a defense of insanity interposed, that a plea of guilty was taken after negotiation initiated by appellant's attorney, that the plea was knowing and voluntary

as established by the client's quoted admission to the court of some of the operative facts, and appellate counsel's conclusory opinion that "the attorney for the defendant was competent and that he was trying to accomplish the best result for his client." This summarizes the entirety of the brief. The inadequacy of this meager presentation is accentuated by the 14 pages which follow: they are completely blank. By way of contrast, appellant's *pro se* supplemental brief presents three issues, one of which was not even mentioned by counsel, i.e., provision of an interpreter not expert in appellant's own language. Another, not more than hinted at in the brief, is inadequacy of trial counsel, specifying, *inter alia,* failure to call certain witnesses. A third issue is alleged absence from the sentence of an interpreter; in our own unassisted brief perusal of the record, we have been unable to verify this item. However, these points are, we have been informed, the subject of a pending separate *coram nobis* proceeding. "It is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts" *(People v Droz,* 39 NY2d 457, 462). Though written of trial counsel, the quotation applies just as well to representation on appeal, and obviously was not the measure of the performance we have seen here. Accordingly, counsel is directed to review his client's brief and the record and, no later than 20 days following notification by our clerk of this decision, to serve and file an adequate brief, the District Attorney having 10 days thereafter for response. Should counsel, after full study of the matter, still be of opinion that there are no nonfrivolous issues, he may, upon an adequate showing, renew his motion. Concur—Kupferman, J. P., Sullivan, Lane, Markewich and Lupiano, JJ.