(April 26, 1979)

■ In the Matter of RDR Associates, Inc., Respondent, v Media Corporation of America, Appellant.—Judgment, Supreme Court, New York County, entered on November 22, 1978, unanimously affirmed on the opinion of Helman, J., at Trial Term. Petitioner-respondent shall recover of respondent-appellant $50 costs and disbursements of this appeal. Appeal from order of said court, entered on August 21, 1978, dismissed as having been previously dismissed by order of this court entered on December 21, 1978. Petitioner-respondent shall recover of respondent-appellant $50 costs and disbursements of this appeal. No opinion. Concur—Fein, J. P., Sandler, Bloom, Lynch and Ross, JJ.

■ Carlos Montero de Alba, Appellant, v Robert Escanesy et al., Respondents, et al., Defendants.—Order Supreme Court, New York County, entered on December 8, 1977, affirmed, without costs and without disbursements. Concur—Sandler, Lynch and Ross, JJ.

Kupferman, J. P., concurs in the result in view of the fact that respondents stipulated in open court to dismiss the separate action for malicious prosecution in the nature of a counterclaim.

■ The People of the State of New York, Respondent, v Herman Myrick, Appellant.—Appeal from judgment, Supreme Court, Bronx County, rendered September 23, 1977, convicting defendant, on his plea of guilty, of criminal possession of a weapon in the second degree and sentencing him thereupon to four to eight years, held in abeyance, counsel's motion to be relieved denied with leave to renew, and counsel directed to serve and file a supplemental brief within 20 days from the date of the order entered hereon. Respondent shall serve and file its brief, if any, within 10 days after service of appellant's supplemental brief. In asking to be relieved, appellant's counsel states that he has reviewed the record and finds no nonfrivolous issues. He has failed, however, in his scant two-page brief, to recite "the underlying facts and [to highlight] anything in the record that might arguably support the appeal." (People v Saunders, 52 AD2d 833.) Our own review of the record reveals at least one arguable issue that should have been brought to our attention, viz., the denial of defendant's application to withdraw his guilty plea. Counsel has failed to comply with the procedures to be followed in such an application. (See Anders v California, 386 US 738; People v Saunders, supra.) Accordingly, counsel is directed to review the record and, no later than 20 days following the date of the order entered hereon, to serve and file an adequate brief. The District Attorney shall have 10 days thereafter to respond. Should counsel, after further review of the matter, still be of the view that no nonfrivolous issues exist, he may, upon a proper showing, renew his motion. (See People v Gega, 69 AD2d 772; People v Moore, 56 AD2d 517.) Concur—Sullivan, J. P., Bloom, Lane, Markewich and Silverman, JJ.