■ E. F. HUTTON & COMPANY, INC., Appellant, v PAUL CUOMO, JR., et al., Respondents.—Order, Supreme Court, New York County, entered November 1, 1978, which, *inter alia,* denied plaintiff's motion to consolidate an action pending in Queens County with the instant action, unanimously modified, on the law and in the exercise of justice, without costs or disbursements, to the extent of ordering a joint trial of the within action, as already consolidated, with the Queens action, with the trial to be held in Queens County, and except, as thus modified, affirmed. While, as Special Term correctly held, this is not a matter for consolidation with the conversion action pending in Queens County, we are of the view that the issues involved in both actions are ideally suited for resolution at a joint trial and exercise our discretion accordingly. (See *Roseman v Weisman,* 36 AD2d 587; *Padilla v Greyhound Lines,* 29 AD2d 495.) Settle order. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BROWN, Appellant.—Appeal from judgment, Supreme Court, Bronx County, rendered December 4, 1978, convicting defendant of burglary in the third degree and sentencing him to an indeterminate term of two to four years, held in abeyance, counsel's motion to be relieved denied, with leave to renew, and counsel directed to serve and file a supplemental brief in compliance with guidelines indicated in *People v Gonzalez* (47 NY2d 606) and *People v Saunders* (52 AD2d 833), within 30 days from the date of the order entered hereon. Respondent shall serve and file its brief, if any, within 10 days after service of such supplemental brief. Counsel, in his perfunctory brief, fails completely to deal with defendant's motion to withdraw his plea of guilty and the denial thereof. Nor does he refer to the *Sandoval* and *Huntley* hearings alluded to at the time of sentencing. "Our own review of the record reveals at least one arguable issue that should have been brought to our attention, viz., the denial of defendant's application to withdraw his guilty plea" *(People v Myrick,* 69 AD2d 804). Counsel is to review the record and comply with the directions above indicated. Should counsel, upon such further review of the matter, still be of the view that no nonfrivolous issues exist, he may, *upon a proper showing,* renew his motion. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.