■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH REED, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Jay Gold, J.), rendered on or about November 18, 1986, convicting defendant, after trial by jury, of criminal possession of a controlled substance in the second degree and sentencing him to a term of three years to life, is held in abeyance, the order of the same court, entered on or about February 11, 1987, denying defendant's motion to vacate the judgment pursuant to CPL 440.10, modified, on the law, and the matter remanded for a hearing as to whether defendant's attorney failed to pursue plea-bargaining negotiations or convey to defendant the results thereof and whether counsel failed to investigate the defense that five witnesses, arrested with defendant, would have exonerated him.

Defendant moved to vacate the judgment against him, alleging that he was denied the effective assistance of counsel at trial. Among the contentions advanced were that, due to a payment dispute, counsel neglected to investigate whether five persons arrested with defendant, whose names and addresses were available in police records, would have exonerated him of any involvement in the possession of narcotics. It was also alleged that trial counsel refused to engage in plea bargaining, rejecting plea offers in the absence of consultation with, and knowledge of, defendant.

A defendant's right to effective representation includes the assistance of an attorney who has undertaken an adequate investigation of both the law and the facts (People v Gega, 69 AD2d 772). In addition, the failure to convey accurate information regarding plea negotiations is a factor which will support a finding of ineffective assistance of counsel (People v Dell, 60 AD2d 18). However, the trial court denied defendant's coram nobis motion without conducting a hearing into the alleged omissions by his attorney. On this appeal, the People agree that a hearing is required on these issues. We therefore remand for a hearing at which testimony can be received from counsel regarding the basis for his actions at trial. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.