■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED JOHNSON, Appellant. [774 NYS2d 532]—

Judgments, Supreme Court, New York County (Herbert Altman, J., on speedy trial motion; Michael Ambrecht, J., at jury trial and sentence), rendered February 26, 2003, convicting defendant of assault in the second degree, resisting arrest, sexual abuse in the third degree, and two counts of persistent sexual abuse, and sentencing him to concurrent terms of 5 years on the assault conviction, 1 year on the resisting arrest conviction

and 90 days on the third degree sexual abuse conviction, to be served consecutively to consecutive terms of 1⅓ to 4 years on each persistent sexual abuse conviction, and order, same court (Michael Ambrecht, J.), entered on or about May 14, 2003, which denied defendant's motion brought pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

As to all counts, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). With regard to the sexual abuse convictions, defendant's conduct clearly warranted the inference that he was acting for purposes of sexual gratification (Penal Law § 130.00 [3]). The evidence also established that defendant physically injured a police officer while intending to prevent him from performing a lawful duty (Penal Law § 120.05 [3]). The totality of the evidence, with particular reference to the nonverbal communications from the injured officer's partner, warranted the conclusion that the injured officer was acting lawfully, pursuant to the fellow officer rule (*see People v Ketcham*, 93 NY2d 416 [1999]). The jury could also reasonably infer that defendant had the requisite knowledge and intent (*see People v Johnson*, 252 AD2d 351 [1998], *lv denied* 92 NY2d 950 [1998]). Furthermore, there was ample evidence that the officer sustained physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

The court properly exercised its discretion (*People v Aska*, 91 NY2d 979, 981 [1998]) in precluding defendant from introducing evidence concerning his appearance and that of his twin brother, since none of this evidence suggested that defendant's brother actually committed any of the crimes, or otherwise supported defendant's misidentification defense in any manner, and since this evidence would tend to confuse and mislead the jury (*see People v Scarola*, 71 NY2d 769, 777 [1988]). Accordingly, the court's ruling did not deprive defendant of his right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

To the extent that the record permits review, it supports the motion court's determination that defendant was not deprived of his right to a speedy trial.

The court properly denied defendant's motion to vacate judgment. The motion raised issues that were not proper grounds for a CPL 440.10 motion because they fully appeared on the record (*see* CPL 440.10 [2] [b]), and were without merit in any

event. Defendant's assertion that the prosecution introduced perjured testimony is nothing more than a claim that certain witnesses were unworthy of belief because of various inconsistencies in the trial evidence, a claim that the jury properly considered and rejected in reaching its guilty verdict (*see e.g. People v Fisher*, 244 AD2d 191 [1997], *lv denied* 91 NY2d 891 [1998]; *People v Hutson*, 157 AD2d 574 [1990], *lv denied* 75 NY2d 967 [1990]). The trial record establishes that counsel provided effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). We note that there is nothing in the trial record or the submissions on the CPL 440.10 motion to support defendant's assertion that his attorney should have pursued an alibi defense.

We perceive no basis for reducing the sentence.

The remaining contentions contained in all of defendant's briefs, including his pro se briefs, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Ellerin, Lerner and Gonzalez, JJ.