■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL WATKINS, Appellant. [786 NYS2d 133]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J., at hearing; John A. Barone, J., at jury trial and sentence), rendered May 22, 2002, convicting defendant of attempted murder in the second degree (two counts) and robbery in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 20 years on the attempted murder convictions, concurrent with a term of 10 years on the robbery conviction, unanimously affirmed.

Although translation of a victim's testimony was slow and difficult because the interpreter and the victim spoke different dialects, and although the interpreter sometimes had to make multiple attempts to translate a question, the record fails to support defendant's contentions that the interpreter was unqualified or that he failed to interpret properly (*see People v Nedal*, 198 AD2d 42 [1993]; *People v Frazier*, 159 AD2d 278 [1990], *lv denied* 76 NY2d 857 [1990]). The problems with translation did not prevent defendant from conducting an effective cross-examination, or cause any other prejudice.

The hearing court properly denied defendant's suppression motion. There is no evidence to support defendant's claim that the lineup was unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Furthermore, we reject defendant's argument that the trial court's jury instruction on identification was inadequate.

Defendant's contentions concerning the prosecutor's alleged use of "perjured" testimony are meritless. The circumstance that the accomplice-witness gave conflicting statements did not disqualify him from testifying, but merely created a credibility issue to be resolved by the trier of fact (*see e.g. People v Johnson*, 6 AD3d 226, 228 [2004]).

The court properly admitted defendant's threatening letter to his accomplice, in which defendant demanded that the accomplice refrain from testifying against him. This letter was evidence of consciousness of guilt (*see e.g. People v Major*, 243 AD2d 310 [1997], *lv denied* 91 NY2d 928 [1998]), and also

contained damaging admissions. The court directed the People to make redactions that were sufficient to avoid any prejudicial references to uncharged crimes.

The court lawfully imposed consecutive terms for the two attempted murder convictions, since they involved separate acts. We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Lerner, Marlow and Sweeny, JJ.