(December 28, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FERNANDEZ, Appellant. [788 NYS2d 39]—

Judgment, Supreme Court, New York County (Felice Shea, J.), rendered June 3, 1999, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 12 years, affirmed. Order, same court (John E.H. Stackhouse, J.), entered on or about September 25, 2002, which denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, affirmed.

We reject defendant's contention that he is entitled to a hearing on his claim, advanced by way of a motion to set aside his first-degree assault conviction pursuant to CPL 440.10, that trial counsel represented him ineffectively by failing to communicate a one-day-only plea offer (of which the People have no record) that was allegedly made during "an impromptu brief encounter" between counsel in a stairwell at 100 Centre Street, after that day's calendar call of defendant's case had concluded. For the reasons discussed below, the very document on which this claim is based—an affirmation by defendant's trial counsel, Steven L. Wershaw, Esq. (the Wershaw affirmation)—establishes, as a matter of law, that defendant cannot establish

ineffectiveness of counsel based on the failure to convey the alleged plea offer.

Defendant was originally indicted for assault in the second degree in March 1998, based upon evidence that he slashed another young man's face with a box cutter, resulting in a cut from chin to ear that required 22 stitches. No charge of assault in the first degree was submitted to the grand jury that returned the original indictment. On March 31, 1998, at defendant's arraignment on the original indictment, the People indicated, in defendant's presence, that they were considering re-presenting the case to another grand jury in order to seek a charge of assault in the first degree.

There were a number of calendar calls for the case over the following months. It appears that the People were not ready for trial at the calendar call of November 9, 1998, and the case was then adjourned to November 18. At the November 18 calendar call, the People indicated that they were ready, whereupon the court offered to allow defendant to plead guilty in contemplation of a three-year sentence. Defendant did not, however, accept the offer.

Subsequently, the People re-presented the case to a new grand jury, which returned a superseding indictment charging defendant with assault in the first degree. Claiming that his right to testify before the grand jury had been violated, defendant moved to dismiss this new indictment. The motion was supported by the aforementioned Wershaw affirmation, dated February 17, 1999. In this affirmation, Wershaw stated, among other things, the following: "[O]n November 9, [1998], your affirmant by chance bumped into the prosecutor, Mr. Morales, in the stairwell at 100 Centre Street, and at this impromptu brief encounter, Mr. Morales made an 'offer' of '2-4 years,' *which would be available only for that day*. Inasmuch as the case had already been adjourned [at the calendar call earlier that day] until November 18, and your affirmant was running between Parts to cover other cases, said 'impromptu offer' was never communicated to the defendant." (Emphasis added.)

The motion to dismiss the superseding indictment was denied, and, as previously noted, defendant ultimately was convicted of assault in the first degree, after which he moved to set aside the conviction pursuant to CPL 440.10. In support of this motion, defendant argues, among other things, that the above-quoted two-sentence excerpt from the Wershaw affirmation shows that he was denied effective assistance of counsel by virtue of Wershaw's failure to communicate the one-day-only plea offer allegedly made on November 9. To prevail on this claim,

however, defendant must sustain the burden of showing "that he would have been willing to accept the offer" (*People v Rogers*, 8 AD3d 888, 890-891 [2004]). Notwithstanding defendant's conclusory assertion that he would have accepted the two to four-year offer had he known about it, the fact is that the Wershaw affirmation itself refutes the notion that defendant was about to accept any such offer on November 9, 1998 (assuming for the moment that the alleged offer actually was made). The Wershaw affirmation asserts that, "from April 24 until November 18, 1998, the prosecutor apparently was having trouble locating the complaining witness," and indicates that the expectation was that the case would be dismissed. In his submissions supporting his CPL article 440 motion, defendant fails to explain why he would have agreed to plead guilty at a time when the People could not even produce a complaining witness, a situation that, if it continued, was likely to lead to dismissal. Thus, defendant has not raised an issue as to whether he would have accepted the alleged plea offer of November 9.

That defendant would not have accepted the alleged two to four-year plea offer is also demonstrated at another point in the Wershaw affirmation. A few lines below the account of the one-day-only offer allegedly made in the stairwell on November 9, 1998, the Wershaw affirmation provides this information about the proceedings on November 18, 1998, the next date on which there was a calendar call for the case: "[T]here was a bench conference discussion regarding a possible plea bargain, and the court suggested to counsel that if the defendant had an 'interest' in pleading guilty to the charge of Assault in the Second Degree, counsel would be given an opportunity to present a sentencing memorandum urging the imposition of the minimum determinate sentence of 3 years. Immediately following this bench conference discussion, your affirmant went upstairs to the bullpen to conference with the defendant."

Since defendant did not plead guilty to the second-degree assault charge (which, as previously indicated, was later superseded by a new indictment charging first-degree assault), the only possible conclusion to be drawn from Wershaw's account is that defendant rejected the court's three-year plea offer only nine days after the prosecutor allegedly made the two to four-year offer. The notion that defendant would have accepted the two to four-year offer, even though he plainly rejected the three-year offer little more than a week later, strains credulity. At a minimum, it was defendant's burden, in his CPL 440.10 motion papers, to come forward with some explanation of why his theory that he would have accepted the two to four-year offer, had

he known about it, is consistent with his actual rejection of the three-year offer. Since defendant offered no such explanation, he has not raised a triable issue as to whether he would have accepted the alleged offer his counsel failed to convey.

Finally, defendant's contentions suffer from an additional flaw. Assuming the truth of Wershaw's assertions about the stairwell encounter, Wershaw gives no indication that there was any practical way for him to inform defendant of the "offer" before it expired at the end of the same day on which it was made. We do not even know whether defendant was produced in court for the November 9 calendar call of his case, although his new counsel on the CPL article 440 motion surely could have ascertained that fact. Even if we assume that defendant had been in court on that day, by the time the alleged offer was made, the calendar call was over, and there is no reason to believe that defendant continued to be immediately available to his attorney. Given that Wershaw himself says he was busy covering other cases, and in light of the difficulty of gaining access to a jailed defendant within a brief time frame, Wershaw could not, and should not, have been expected simply to drop everything to see if he could somehow locate defendant in order to discuss the offer before the end of the day. Although we certainly agree that meaningful representation by counsel requires a criminal defense attorney to convey plea offers to his client, we do not believe that the law deems an attorney's representation to have been ineffective simply because he failed to accomplish something that was not reasonably possible or practical under the circumstances (*cf. Matter of Merlino v Schneider*, 93 NY2d 477, 485 [1999]).

Defendant's remaining arguments in support of the appeal from the summary denial of his CPL 440.10 motion are without merit. Accordingly, the order denying the CPL 440.10 motion is affirmed.

Finally, in support of his direct appeal from the judgment of conviction, defendant argues that the trial court improperly precluded him from eliciting testimony concerning the practices and rituals of the victim's gang. Defendant contended that such testimony would show that the attack may have been perpetrated by one of the victim's fellow gang members. To the extent defendant raises this point as a constitutional argument, it is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]). To the extent defendant is making a claim of nonconstitutional error, we reject it. Defendant's speculation that the attack was perpetrated by one of the victim's fellow gang members is not supported by any evidence in the trial record. Accordingly, the

trial court properly exercised its discretion in precluding such potentially confusing and misleading evidence (*see People v Aska,* 91 NY2d 979, 981 [1998]; *People v Johnson,* 6 AD3d 226 [2004], *lv denied* 3 NY3d 708 [2004]). Concur—Buckley, P.J., Lerner and Friedman, JJ.

Sweeny and Catterson, JJ., dissent in part in a memorandum by Sweeny, J., as follows: Defendant moved to vacate the judgment against him, alleging that he was denied the effective assistance of counsel. Among the contentions advanced were that his counsel failed to communicate a plea offer to him, filed a factually inaccurate omnibus motion, neglected to facilitate his desire to testify before the grand jury, and allowed incompetent evidence to be introduced at trial.

Defendant alleges that, after being arraigned on a felony complaint, he testified before a grand jury which subsequently indicted him for assault in the second degree. He was offered a plea with a sentence commitment of seven years, which he rejected. Defendant contends that his counsel did not explain to him that, if the plea offer was rejected, the People would seek a superceding indictment charging him with assault in the first degree, which in fact occurred.

Defendant further alleges that the People made a plea offer to his counsel with a sentence recommendation of two to four years but that this offer was never communicated to him. In support of this claim, the defendant annexed an affirmation of his trial counsel which was submitted as part of the omnibus motion to dismiss the indictment wherein counsel stated he "bumped into" the prosecutor and the offer was made at this "impromptu brief encounter." Counsel further stated the offer was available "only for that day." Counsel went on to state that he did not communicate this offer to the defendant since he had cases pending before various judges that day.

The People argued that, aside from counsel's affirmation, there was no record of any offer of two to four years. The court summarily denied the CPL 440.10 motion, holding that there was insufficient evidence to establish the fact that a two to four-year plea offer was made and that the defendant never claimed that he would have accepted such an offer.

Significantly, the People did not produce an affidavit from the Assistant District Attorney who was handling the case at the time of the CPL 440.10 motion. Although the prosecutor did oppose the motion to dismiss, that affirmation was silent as to the claim raised by defense counsel that the plea offer in question was in fact made. The People also argue that defendant did not indicate he would have accepted the offer had it actually been

made, particularly since defendant had rejected a subsequent plea offer of three years.

Defendant correctly argues that the failure to convey accurate information regarding plea negotiations is a factor which will support a finding of ineffective assistance of counsel (*People v Reed*, 152 AD2d 481 [1989]). It is the defendant's burden to show that the plea offer was made, and that he would have accepted the offer had he known about it (*People v Rogers*, 8 AD3d 888 [2004]).

Although we fully appreciate the concerns raised by the majority, nonetheless, we note that the affirmation of counsel submitted in support of the omnibus motion to dismiss raised the claim that the plea offer in question was made and that it was not communicated to the defendant. The People's affirmation in opposition did not refute or even address that claim. Although the majority dismisses it as "conclusory," defendant's affidavit in support of the CPL 440.10 motion stated he would have accepted the offer (reducing the minimum of the later offer by a year), albeit reluctantly.

This presents significant questions and the matter should be remanded for a hearing at which time testimony could be received regarding the alleged omissions by counsel.