■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC O. MCLAURIN, Appellant. [811 NYS2d 401]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered June 29, 2001, convicting defendant, after a jury trial, of assault in the second degree and attempted assault in the first degree, and sentencing him to concurrent terms of nine and seven years, respectively, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court precluded inquiry into two of the four prior violent acts the People alleged he had committed but permitted limited inquiry into two of the alleged prior acts; if committed by defendant, those acts, neither of which was particularly similar to the instant charges, were more probative than prejudicial. When defendant denied committing these acts, the court properly allowed the People to continue cross-examining defendant in an effort to induce him to change his testimony (*see People v Sorge*, 301 NY 198, 200 [1950]), and this further inquiry did not exceed permissible limits.

The court properly admitted both defendant's attempt to bribe prosecution witnesses as evidence of consciousness of guilt (*see People v Bonnemere*, 308 AD2d 418 [2003], *lv denied* 1 NY3d 568 [2003]), and his apology to the victims' mother as an admission (*see People v Dixon*, 199 AD2d 332 [1993], *lv denied* 83 NY2d 851 [1994]). Neither of these items of evidence was unduly equivocal (*see People v Yazum*, 13 NY2d 302 [1963]), and in each instance, the probative value of the evidence outweighed its prejudicial effect.

The court properly exercised its discretion in precluding cross-examination of the victims concerning the violent death of their cousin. The court accorded defendant ample latitude in which to establish the victims' gang activity and present a theory that the instant crimes were actually committed by unidentified enemies of the victims. However, the shooting death of the cousin had no possible connection with the instant incident, except by way of speculation (*see People v Fernandez*, 13 AD3d 271, 274-275 [2004], *affd* 5 NY3d 813 [2005]). Accordingly, defendant's right to present a defense was not violated (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.