Judgment, Supreme Court, New York County (Lawrence Marks, J., at hearing; A. Kirke Bartley, Jr., J., at jury trial and sentencing), rendered December 13, 2010, convicting defendant of robbery in the second degree and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.
The court properly denied defendant’s motion to suppress identification testimony. The photo array from which defendant was identified was not unduly suggestive, because there was no substantial likelihood that defendant would be “singled out for identification” (People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). The victim identified defendant from a computer-generated group of 69 photos. The fact that the victim selected an old photo of defendant, which depicted him at younger age than his age at the time of the crime, did not render the procedure suggestive. We have considered and rejected defendant’s remaining arguments concerning the identification procedure.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning identification and credibility. The victim’s initial difficulty in making an in-court identification was satisfactorily explained, and his testimony was corroborated by evidence that the jury could have reasonably interpreted as evincing defendant’s consciousness of guilt.
The consciousness-of-guilt evidence, consisting of telephone calls and letters in which defendant discussed bribing the victim to “drop the charges,” was properly admitted (see e.g. People v McLaurin, 27 AD3d 399, 400 [1st Dept 2006], lv denied 7 NY3d 815 [2006]). Any ambiguity as to whether this evidence demonstrated consciousness of guilt, as opposed to a fear of wrongful conviction, presented a factual issue for the jury (see People v Yazum, 13 NY2d 302 [1963]). Concur — Friedman, J.E, Freedman, Richter, Feinman and Gische, JJ.