■ DAVID RODRIGUEZ et al., Appellants, v CMB COLLISION INC. et al., Defendant. [977 NYS2d 21]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 10, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff's cross motion for summary judgment on the issue of liability against defendants CMB Collision Inc. and Joseph Falco sued herein as Falco Joseph (collectively respondents), and granted respondents' motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, respondents' motion denied, and otherwise affirmed, without costs.

Respondents were not entitled to judgment as a matter of law in this action where plaintiffs were injured when the car in which they were passengers was struck by a tow truck owned by respondent CMB Collision Inc. and driven by respondent Falco. The record shows that although the car in which plaintiffs were riding, which was being driven by defendant Rodriguez, was struck while Rodriguez was making an illegal U-turn across two lanes of traffic (see Vehicle and Traffic Law § 1160 [e]), eyewitness testimony estimated Falco's speed at the time of the accident to be between 30 and 40 miles per hour, and Falco himself testified that he did not see defendant Rodriguez's vehicle until the time of impact. Accordingly, "triable issues of fact remain as to whether the motor vehicle accident resulted in part from any failure of [Falco] to exercise due care (by driving at an excessive speed or by failing to observe [Rodriguez's] vehicle) and, if so, in what proportion" (Calcano v Rodriguez, 91 AD3d 468, 468 [1st Dept 2012]; see Thoma v Ronai, 82 NY2d 736 [1993]; Antaki v Mateo, 100 AD3d 579 [2d Dept 2012]).

Plaintiffs, however, were not entitled to summary judgment on the issue of liability as against respondents. Under the circumstances presented, a jury could reasonably conclude that the driving of defendant Rodriguez was the sole proximate cause

of the accident. Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.