■ SANTOS ESPINAL, Respondent, v VOLUNTEERS OF AMERICA-GREATER NEW YORK, INC., et al., Appellants. [995 NYS2d 21]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 2, 2013, which granted plaintiff's motion for partial summary judgment on the issue of defendants' liability for the underlying motor vehicle accident, unanimously reversed, on the law, without costs, and the motion denied.

In this action for personal injuries, it is undisputed that, as defendants' southbound vehicle attempted to make a left turn from Riverside Drive, a two-way street, onto West 88th Street, it collided with plaintiff's northbound motor scooter in the intersection. Plaintiff moved for summary judgment, arguing

that defendant driver's conduct and her admission that she did not see him prior to the accident establish a violation of the Vehicle and Traffic Law (*see* Vehicle and Traffic Law § 1141). In opposition, defendants argued that plaintiff's submissions do not establish where he was in relation to the intersection when defendant driver began to turn, or eliminate the issues of whether he was speeding and whether he used reasonable care to avoid the accident (*see Rodriguez v CMB Collision Inc.,* 112 AD3d 473 [1st Dept 2013]; *Gause v Martinez,* 91 AD3d 595 [2d Dept 2012]).

In support of the motion, plaintiff relied on a certified police accident report which contained his own statement that he did not recall what happened before the collision, and the statement of an eyewitness who said that defendant driver caused the accident by turning into oncoming traffic, but also stated that plaintiff was driving at a rate of 40 to 50 miles per hour. Plaintiff also submitted an affidavit in which he averred that he attempted to brake before the collision, and an affidavit from the eyewitness who averred that plaintiff did not appear to be going faster than the normal flow.

Since plaintiff submitted and relied on the certified police accident report containing the eyewitness's statement, he cannot now complain that defendants' reliance on favorable aspects of the statement to defeat summary judgment is improper. The inconsistencies between the statements made to the police after the accident and the affidavits submitted in support of plaintiff's motion raise issues of fact as to whether defendant driver violated Vehicle and Traffic Law § 1141, and whether plaintiff's excessive speed or other negligence contributed to the accident precluding an award of summary judgment (*see Rodriguez,* 112 AD3d at 473; *Gause v Martinez,* 91 AD3d at 597). Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.