Lopez v Guillen (2019 NY Slip Op 00957)





Lopez v Guillen


2019 NY Slip Op 00957


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


8330 26094/14

[*1]Calvain Lopez, Plaintiff-Respondent,
v
Hector Guillen, et al., Defendants-Appellants, Pepsi-Cola Company, Defendant.


Picciano & Scahill, P.C., Bethpage (Andrea E. Ferrucci of counsel), for Hector Guillen and Chanison Disla Abreu, appellants.
Litchfield Cavo LLP, New York (Lyndsey C. Bechtel of counsel), for 4JS Beverage Inc. and Eugenio Ruiz, appellants.
Hach & Rose, LLP, New York (Robert F. Garnsey of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered July 6, 2017, which denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was injured when, after exiting a delivery truck owned by defendant 4JS Beverage Inc. and operated by its employee defendant Ruiz, he was struck by a vehicle owned by defendant Guillen and operated by defendant Abreu as he started to cross the street.
The court properly denied 4JS Beverage and Ruiz's motion for summary judgment because there is a triable issue of fact as to whether Ruiz breached his duty to provide plaintiff with a safe place to alight from the delivery truck. Plaintiff and Abreu's testimony that there was no sidewalk at the location conflicted with Ruiz's testimony that plaintiff exited the truck onto a sidewalk before the accident (see Liebman v Heiss, 256 AD2d 449 [2d Dept 1998]; see also Bruno v Heinrich, 202 AD2d 256 [1st Dept 1994]).
The court also properly denied Guillen and Abreu's motion for summary judgment. The record shows that there is a triable issue of fact as to whether Abreu exercised due care to avoid the accident, because he testified that he kept his foot on the gas pedal and did not press the brake until after he heard the impact despite seeing plaintiff's coworker in his lane about five feet ahead of his vehicle running across the street seconds before his front driver's side fender struck plaintiff (see Vehicle and Traffic Law § 1146[a]; Rodriguez v CMB Collision Inc. 112 AD3d 473 [1st Dept 2013]; Dorismond v Knox, 103 AD3d 830, 831 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK