Chaojian Wang v MS Intl., Inc. (2024 NY Slip Op 51133(U))

[*1]

Chaojian Wang v MS Intl., Inc.

2024 NY Slip Op 51133(U)

Decided on August 30, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
Supreme Court, Kings County

Chaojian Wang and Qianwei Pan, Plaintiffs,

against
MS International, Inc. and John Doe, Defendants.

Index No. 502027/2024

Krause & Glassmith, LLP, Manhattan (Paul F. Maiorana of counsel), for plaintiffs.
Gordon & Rees, LLP, Manhattan (Tyrik Jiang of counsel), for defendant MS International, Inc.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 16-36.
Upon the foregoing papers, having heard oral argument and due deliberation having been had,[FN1]
the within motion is determined as follows.
Background and Contentions
Plaintiffs Qianwei Pan (driver) and Chaojian Wang (passenger) allege in this action that on May 10, 2022, at approximately 10:30 AM, a truck owned by Defendant MS International, Inc. ("Defendant MS") and operated by Defendant John Doe was driven or rolled backwards into their vehicle, causing them to sustain serious injuries. This occurred while plaintiffs occupied a vehicle on I-278 at or about Exit 24, in the County of Kings.
Plaintiffs filed the present motion seeking partial summary judgment on the issue of liability against Defendants, and to dismiss affirmative defenses of comparative negligence asserted in Defendant MS's answer. Plaintiffs support their motion by submitting an attorney affirmation and their own affidavits, along with various exhibits.
Defendant John Doe has not appeared in the action. The only opposition to Plaintiffs' motion is interposed by Defendant MS, who contests whether there was contact between the two vehicles because there was no inward-facing dent or damage to its vehicle. Ostensibly, two photographs were taken, one showing damage to the front of Plaintiffs' vehicle as a result of the accident and the other photo depicting the license plate of Defendants' vehicle.
Defendant MS argues that there were no affidavits or testimony from a doctor, nor was there any other document or medical proof describing what the proximate cause of the Plaintiffs' injuries were. Plaintiffs failed to support their affidavits with any measurements, calculations, or other expert opinions or support substantiating that the damage depicted was caused by the subject accident. Moreover, Plaintiffs were involved in another car accident which occurred the week after the accident at issue here. Plaintiffs sought treatment only one week after the second car accident. Defendant MS claims that all this warrants additional discovery, through depositions and other paper discovery, regarding the exact circumstances of how the subject accident occurred. As a result, Defendant MS contests Plaintiffs' claim that any injuries proximately resulted from the accident at issue here because there was another accident that occurred one week later.
Defendant MS also argues that Plaintiffs' motion is premature on the basis that they have not had adequate time for discovery and depositions. Defendants assert that a party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment. A party opposing summary judgment is entitled to obtain further discovery when facts supporting the opposing party's position may exist but cannot then be stated. In conclusion, Defendant MS argues that Plaintiffs' motion must be denied for the following reasons: there has been insufficient discovery in this matter since no parties have been deposed, there is no Court discovery order, limited paper discovery has been exchanged, and Defendant MS cannot be found vicariously liable without a determination that the driver of Defendant MS's vehicle was negligent.

Discussion
This Court reviewed the papers submitted in support of and in opposition to Plaintiffs' motion. The legal argument asserted by Plaintiffs was contained in their attorneys' affirmation. All of the case law citations but for one are to the National Reporter System's New York Supplement series — not to the official New York reporter citations. This Court's Part Rules require that citations be to the official reporter:
A New York decision published in the official reporters shall contain the proper citation, i.e., NY3d, NY2d, NY, AD3d, AD2d, AD, Misc 3d, Misc 2d, or Misc. A New York decision not published in the official reporters but abstracted in the Misc. series shall be cited in the following manner: — Misc 3d —(A), — NY Slip Op —(U). A New York decision not published in the official reporters and also not abstracted in the Misc. series shall be cited in the following manner: — NY Slip Op —(U). A New York decision not appearing in any of the foregoing formats shall be cited appropriately, with a copy appended. Do not include National Reporter System (e.g., — NYS 3d —) or online legal database citations for New York case law if the decision is published in the official reporters or on the New York State Law Reporting Bureau's website at https://nycourts.gov/reporter/index.shtml. Decisions from other states' courts or the federal courts shall be cited using the National Reporter System citation or, if not published there, to a reputable legal database, with a copy appended. IAS Part 2 prefers [*2]that citation conform to the New York State Law Reporting Bureau's Style Manual ("Tanbook"), available at https://nycourts.gov/reporter/style-manual/2022/2022-SM.htm. (NYS Unified Court System, Hon. Aaron D. Maslow: Part 2 Rules, Part II, Subpart B, § 11, available at https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml, last accessed Aug. 30, 2024.)
This requirement is akin to that pertaining to appellate briefs (see CPLR 5529 [e] ["New York decisions shall be cited from the official reports, if any."]). "Since the beginning, the official law reports have had a special status. Today, and for some time, it has been statutorily required that New York decisions be cited to the courts of this State from the official reports. (CPLR 5529, subd. [e].) The courts themselves as a rule cite only to the official reports of New York decisions. Also, the official series contains the State Reporter's headnotes and syllabuses, not to be found in unofficial reporters. . . ." (Matter of Williams Press, Inc. v Flavin, 35 NY2d 499, 506 [1974].) Even in today's age, where most legal research is performed online, not in opening up printed books, a judge's ability to go straight to the official version of a cited decision has the benefit of not spending time going to the unofficially reported decision and then clicking on the link to the official one. Counsel's failure to adhere to IAS Part 2's rule concerning case citation leads the Court to surmise that the Rules were not consulted.
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its [*3]business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
Moreover, Plaintiff Chaojian Wang testified at his examination under oath that he only took photos "later," when asked "Were you able to take any pictures of this truck?" (NYSCEF Doc No. 20 at 22, lines 5-7). Yet his attorney's affirmation states that photographs were "taken at the scene of the accident," one photo showing "the license plate of Defendant's vehicle" (NYSCEF Doc No. ¶ 11). This is an inconsistency. A photograph of a New Jersey license plate affixed to what looks like the rear of a truck shows plate "AW887Y" (see NYSCEF Doc No. 26 at 2). The attorney's affirmation described the license plate as being "AW8874." This is another inconsistency.
Plaintiff Chaojian Wang also testified at his examination under oath that the truck "slipped backwards" (NYSCEF Doc No. 20 at 24, line 9), but in his affidavit he stated that it "suddenly reversed" (NYSCEF Doc No. 24 ¶ 3). Plaintiff Qianwei Pan described the truck's movement as "suddenly backed into my vehicle" (NYSCEF Doc No. 25 ¶ 3). Slipping backwards is not the same as suddenly reversing or suddenly backing up.
Plaintiff Chaojian Wang testified at his examination under oath through the assistance of a Cantonese interpreter (see NYSCEF Doc No. 20 at 5, lines 2-9), yet the signed affidavit he submitted is in the English language. There is nothing to indicate that the submitted affidavit was translated for Plaintiff Wong. This is improper, per Reyes v Arco Wentworth Mgt. Corp. (83 AD3d 47, 54 [2d Dept 2011]), which held:
This Court has held that the absence of a translator's affidavit, required of foreign-language witnesses, renders the witness's English-language affidavit facially defective and inadmissible (see Martinez v 123-16 Liberty Ave. Realty Corp., 47 AD3d 901, 902 [2008]). The requirement of CPLR 2101 (b) that affidavits of non-English-speaking witnesses be accompanied by a translator's affidavit setting forth the translator's qualifications and the accuracy of the English version submitted to the court makes sense. Summary judgment is a drastic remedy made in lieu of a trial which resolves the case as a matter of law (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]). Parties opposing a motion for summary judgment are required to proffer evidence that is in admissible form, with rare exceptions not applicable here. A witness at trial would not be permitted to testify in a foreign language, or to proffer documents in a foreign language, without the benefit of a sworn English-language translation (see Quispe v Lemle & Wolff, Inc., 266 AD2d 95, 96 [1999]; cf. People v Watkins, 12 AD3d 165, 166 [2004]), and there is no valid reason why a more relaxed evidentiary standard should govern summary judgment applications. Accordingly, the plaintiff's English-language affidavit, without a corresponding affidavit from a qualified translator, cannot be considered in opposition to Ramapo's motion. [emphasis added]
In a similar vein, the court in Cupeles v Carballosa (75 Misc 3d 1202[A], 2022 NY Slip Op 50342[U], *3-4 [Sup Ct, Bronx County 2022]), held as follows:
Contrary to Defendants' contentions, Carballosa's affidavit is inadmissible. Caselaw is clear that, where an affiant is not a fluent English-speaker but nonetheless submits an affidavit in English with the aid of a translator, the English-language affidavit must be accompanied by an affidavit of the translator pursuant to CPLR 2101(b). See Uy v. Hussein, 186 AD3d 1567, 1569-70 (2d Dep't 2020); Rui Qin Chen Juan v. 213 W. 28 [*4]LLC, 149 AD3d 539, 539 (1st Dep't 2017); Peralta-Santos v. 350 W. 49th St. Corp., 139 A.D3d 536, 537 (1st Dep't 2016); Raza v. Gunik, 129 AD3d 700, 700-01 (2d Dep't 2015); Reyes v. Arco Wentworth Mgmt. Corp., 83 AD3d 47, 54 (2d Dep't 2011) ("This Court has held that the absence of a translator's affidavit, required of foreign language witnesses, renders the witness's English affidavit facially defective and inadmissible."). Indeed, where an affiant is not fluent in English, "the proper procedure is to draft an [affidavit] in the language of the party, together with an English translation and an affidavit by a translator stating his or her qualifications, and that the translation is accurate." Krokh v. Page Taxi Corp., 2020 NY Slip Op. 33488(U), at *4 (Sup. Ct. Kings Cty. Oct. 7, 2020). Here, there is no dispute that English is not Carballosa's primary language—in fact, Defendants rely on that fact to speculate that the previously discussed internal Groome accident reports may not contain Carballosa's own statements. And, further, there is no dispute that Defendants' counsel used a translator to communicate with Carballosa in the preparation of his affidavit—the affidavit itself admits it. In these circumstances, the intent behind CPLR 2101(b) and the above Appellate Division decisions—i.e., to require proof that the affiant actually understood what he or she swore to—applies to require an affidavit from the translator used to communicate with Carballosa in the preparation of his affidavit.
Accordingly, because that translator's affidavit has not been submitted here, Carballosa's affidavit is inadmissible and will not be considered by the Court in deciding the motion and cross-motion.
To the same effect, see Peralta-Santos v 350 W. 49th St. Corp. (139 AD3d 536 [1st Dept 2016]); 1650 Realty Assoc., LLC v Sasoun (52 Misc 3d 139[A], 2016 NY Slip Op 51131[U] [App Term, 2d, 11th & 13th Dists 2016]); Almanzar v Fleiss (59 Misc 3d 350 [Sup Ct, Bronx County 2018]); Jiang Yi Lan v Ketcham (48 Misc 3d 1223[A], 2015 NY Slip Op 51194[U] [Sup Ct, Queens County 2015]); and Levy v Baumgarten (43 Misc 3d 1209[A], 2014 NY Slip Op 50549[U]). In light of this extensive case law, this Court finds that Plaintiff Chaojian Wang's affidavit, being inadmissible, ultimately lacks probative value in assessing whether Plaintiffs made out their prima facie case on the motion for summary judgment.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, the movant's papers must be scrutinized carefully and the facts must be viewed in the light most favorable to the non-moving party, i.e., the party opposing the motion (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]; Owens v City of New York, 183 AD3d 903 [2d Dept 2020]).
Inconsistencies which appear on the face of a plaintiff's own papers prohibit the granting of summary judgment, regardless of the sufficiency of the opposing papers (see Winegrad v New [*5]York Univ. Med. Center, 64 NY2d at 853; Espinal v Volunteers of Am.-Greater NY, Inc., 121 AD3d 558 [1st Dept 2014]; Bank of NY v McLean, 116 AD2d 546 [2d Dept 1986]).
Finally, while Plaintiffs have moved for summary judgment against Defendant John Doe, as well as against Defendant MS, one cannot obtain summary judgment against a non-appearing party (see CPLR 3212 [a] ["Any party may move for summary judgment in any action, after issue has been joined"]; City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]; Fieldpoint Private Bank & Trust v 78 Realty Holdings, LLC, 227 AD3d 777, 780 [2d Dept 2024]). As mentioned supra at 1, Defendant John Doe has not appeared in this action.
In light of the foregoing procedural irregularities on the part of Plaintiffs, plus the inconsistencies in their evidence, this Court finds that in scrutinizing their submission carefully and viewing the facts in the light most favorable to Defendant MS, Plaintiffs have failed to present a prima facie case of entitlement to judgment as a matter of law.

Conclusion
Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment on the issue of liability and to strike affirmative defenses of comparative negligence is DENIED in its entirety.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 120.57 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).