■ SOHAN SINGH et al., Respondents, v BERNARD EISEN et al., Appellants, et al., Defendant. [687 NYS2d 700] —In an action to recover damages for personal injuries, etc., the defendants Bernard Eisen and Giulia Pizzeria & Restaurant, Inc., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated April 27, 1998, as granted that branch of the plaintiffs' cross motion which was for summary judgment on the cause of action asserted under Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Sohan Singh (hereinafter Singh) fell from a scaffold while painting the exterior of a building owned by the defendant Bernard Eisen and leased by the defendant Giulia Pizzeria & Restaurant, Inc.

Singh met his initial burden entitling him to judgment under Labor Law § 240 (1) against the appellants as a matter of law by demonstrating that while painting the subject building at an elevated level, the scaffold upon which he was situated had defective brakes and began to shake, thereby causing him to fall to the ground (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Garcia v 1122 E. 180th St. Corp.,* 250 AD2d 550; *Van Guilder v Sands Hecht Constr. Corp.,* 199 AD2d 164, 165).

The appellants' claim that material issues of fact exist as to whether Singh's own conduct occasioned his fall from the scaffold was raised for the first time on appeal, and therefore, is unpreserved for appellate review (*see, Jenkins v Meredith Ave. Assocs.,* 238 AD2d 477, 479; *Charles v City of New York,* 227 AD2d 429, 430). In any event, "the provisions of [Labor Law] § 240 (1) apply, regardless of [Sohan Singh's] negligence in his use of the scaffold" (*Garcia v 1122 E. 180th St. Corp., supra,* at 551).

The appellants' remaining contention is unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.