■ DONALD OSER et al., Appellants, v TRUCK KING INTERNATIONAL et al., Respondents. [874 NYS2d 385]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Weber, J.), dated December 3, 2007, which denied their motion for summary judgment on the issue of the liability of the defendant Kousins Klub Realty, LLC, under Labor Law § 240 (1), and granted the defendants' cross motion for summary judgment dismissing the complaint, and (2) an order of the same court dated March 14, 2008, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated March 14, 2008 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 3, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On their cross motion for summary judgment, the defendants demonstrated their entitlement to judgment as a matter of law on the causes of action predicated upon violations of Labor Law § 240 (1) and § 241 (6) by establishing, prima facie, that the activity the injured plaintiff was performing at the time of his accident constituted routine maintenance in a nonconstruction, nonexcavation, nondemolition context (see Azad v 270 5th Realty Corp., 46 AD3d 728, 729-730 [2007]; Wein v Amato Props., LLC, 30 AD3d 506, 507 [2006]; Burr v Short, 285 AD2d 576, 576-577 [2001]; Phillips v City of New York, 228 AD2d 570, 571 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Thus, the Supreme Court properly granted the defendants' cross motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.