[919 NYS2d 44]

German Reyes, Respondent, v Arco Wentworth Management Corporation et al., Appellants. (And a Third-Party Action.)

Second Department, March 15, 2011

**APPEARANCES OF COUNSEL**

*Goldberg Segalla, LLP*, White Plains (*William T. O'Connell* and *Yadira Ramos-Herbert* of counsel), for appellants.

*Davidson & Cohen, P.C.*, Rockville Centre (*Robin Mary Heaney* of counsel), for respondent.

**OPINION OF THE COURT**

Dillon, J.

In *Chowdhury v Rodriguez* (57 AD3d 121 [2008]), we held that when a worker at a job site is injured as a result of a dangerous or defective premises condition, a property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether there is evidence that the property owner created the condition, or had actual or constructive notice of it and a reasonable amount of time within which to correct the condition (*id.* at 130). In contrast, we held in *Ortega v Puccia* (57 AD3d 54 [2008]) that when a worker at a job site is injured as a result of dangerous or defective equipment used in the performance of work duties, the property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether the property owner had the authority to supervise or control the means and methods of the work (*id.* at 61). Here, we complete a trilogy of opinions by addressing the liability standard that is to apply to property owners when a worker's injury may be concurrently caused by both an alleged dangerous or defective premises condition and by dangerous or defective equipment.

## I. Relevant Facts

The plaintiff, German Reyes, was injured on June 22, 2007, while employed by the third-party defendant Grasskeepers Landscaping, Inc. (hereinafter Grasskeepers). The plaintiff alleges that at the time of his accident, he was mowing grass on property owned by the defendant and third-party plaintiff Ramapo Cirque Homeowners Association, Inc. (hereinafter Ramapo), and managed by the defendant Arco Wentworth Management Corporation, now known as Wentworth New York Management, Inc. (hereinafter Arco). Allegedly, a wheel of the plaintiff's lawn mower went into a hole that was one foot wide, two feet long, and six to eight inches deep, causing the mower to "go over." The hole was located on sloped ground in close proximity to a retaining wall. After tipping over, the lawn mower continued to run, and the blade spun into the plaintiff's leg, causing a severe injury. Grasskeepers was cited for three OSHA violations, one of which was the absence on the lawn mower of an emergency safety switch that would have shut off the engine. The plaintiff claims that his lawn mowing was part of a broader

project involving the removal and replacement of rotted railroad ties that formed a terraced retaining wall in the immediate vicinity of the accident.

The plaintiff asserted causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200 and 241 (6). In a bill of particulars dated February 14, 2008, the plaintiff claimed that the Labor Law violations included both "failing to provide the plaintiff with a safe place to work" and "failing to provide safe and proper equipment."

After certain discovery, Ramapo moved for summary judgment dismissing the complaint insofar as asserted against it. Ramapo argued, by reference to, inter alia, an affidavit of its president, that it was not liable under Labor Law § 200, as Ramapo did not direct or supervise the plaintiff's work. As to the cause of action under Labor Law § 241 (6), Ramapo argued that Grasskeepers was contractually hired to perform only routine maintenance at the property and that no construction, renovation, or excavation was being performed at the premises on the date of the accident. Ramapo also provided a copy of the contract between Grasskeepers and Arco. The plaintiff and Ramapo disputed the nature of the plaintiff's work, whether the plaintiff's deposition testimony and opposing affidavit were consistent regarding the precise location of the hole in the ground, and whether certain photographs depicting the hole could properly be considered as evidence.

The Supreme Court denied Ramapo's motion for summary judgment, and for reasons set forth below, we affirm.

## II. Labor Law § 200 Analysis

As often stated by appellate courts, a party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). Only if that burden is met does the burden then shift to the party opposing summary judgment to tender evidence, in a form admissible at trial, sufficient to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d at 1068).

This Court has recently explained the distinction between two broad categories of actions that implicate the provisions of

Labor Law § 200. One category involves worker injuries occasioned as a result of alleged dangerous or defective conditions of the premises where the work is performed. In such instances, a property owner may be liable under the common law for failing to provide a safe place to work, and under Labor Law § 200, which is merely a codification of the common-law rule (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294 [1992]; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 147 [2010]; *Shaw v RPA Assoc., LLC*, 75 AD3d 634 [2010]). For liability to be imposed on the property owner, there must be evidence showing that the property owner either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time (*see Chowdhury v Rodriguez*, 57 AD3d at 130; *see also Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504 [1993]; *Lombardi v Stout*, 80 NY2d at 295; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Nankervis v Long Is. Univ.*, 78 AD3d 799, 800 [2010]; *Slikas v Cyclone Realty, LLC*, 78 AD3d at 147).

The second broad category of actions under Labor Law § 200 involves injuries occasioned by the use of dangerous or defective equipment at the job site. If such equipment was provided to the worker and the worker was injured by it, the property owner will only be liable under Labor Law § 200 if it was possessed of the authority to supervise or control the means and methods of the work (*see Ortega v Puccia*, 57 AD3d at 61; *see also Persichilli v Triborough Bridge & Tunnel Auth.*, 16 NY2d 136, 145 [1965]; *Wright v Belt Assoc.*, 14 NY2d 129, 134 [1964]; *Gasper v Ford Motor Co.*, 13 NY2d 104, 110-111 [1963]; *Zucchelli v City Constr. Co.*, 4 NY2d 52, 56 [1958]).

Here, if the proximate cause of the plaintiff's accident was the presence of the hole in the ground that resulted in the tipping over of the lawn mower, then the standard of "creation or notice" applicable to premises conditions applies as enunciated in *Chowdhury*. If, on the other hand, the proximate cause of the plaintiff's accident was the failure of his mower to be equipped with an OSHA-compliant emergency shut-off switch, then the "supervision and control" standard set forth in *Ortega* controls.

In determining how to resolve cases that contain overlapping allegations of both dangerous premises conditions and defective

equipment, we note that as a general principle of tort law, there may be more than one cause of an occurrence, with injury attributable to two or more tortfeasors (*see e.g. Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 220-221 [2007]; PJI 2:71). Indeed, the plaintiff's bill of particulars specifically describes Ramapo's alleged negligence as including both the condition of the work site and the absence of safe and proper equipment. This action may represent a rare hybrid case where, arguably the plaintiff's accident and injury were proximately caused in whole or in part by a significant hole in the ground where a person might reasonably be expected to traverse, and/or by the use of lawn-mowing equipment that was rendered dangerous and defective by the absence of an emergency shut-off mechanism in violation of OSHA regulations.

We find that when an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards. Defendants moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 and common-law negligence must examine the plaintiff's complaint and bill of particulars to identify the theory or theories of liability, in order to properly direct proof to premises issues, or means and methods issues, or both, as may be indicated on a case-by-case basis. The property owner is entitled to summary judgment only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard.

In this case, to the extent defective equipment is at issue, Ramapo established its prima facie entitlement to judgment as a matter of law on the causes of action alleging a violation of Labor Law § 200 and common-law negligence by demonstrating that it did not have authority to supervise or control the means and methods of the plaintiff's work. However, to the extent those causes of action are also predicated on the existence of a dangerous or defective premises condition, Ramapo failed to meet its prima facie burden of proof. Ramapo tendered no evidence that it did not create the one-foot-by-one-foot-by-six-to-eight-inch hole near the retaining wall. Ramapo similarly failed to provide evidence that the specific location had been inspected at any particular time prior to the plaintiff's accident so as to

demonstrate the absence of prior actual or constructive notice (*see Slikas v Cyclone Realty, LLC*, 78 AD3d at 149; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035-1036 [2010]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). Because Ramapo failed to meet its prima facie burden as to the premises liability standard, the Court need not address the plaintiff's papers submitted in opposition to the motion to dismiss the causes of action alleging Labor Law § 200 and common-law negligence.

### III. Labor Law § 241 (6) Analysis

Labor Law § 241 (6), which applies to property owners and contractors engaged in construction, excavation, and demolition activities, requires that the work be constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate protection and safety to persons employed therein. The obligations under the statute are nondelegable (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 502; *Long v Forest-Fehlhaber*, 55 NY2d 154, 159 [1982]; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 301 [1978]), and the cause of action must be based upon violations of specific codes, rules, or regulations applicable to the circumstances of the accident (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 502; *Ares v State of New York*, 80 NY2d 959, 960 [1992]; *Adams v Glass Fab*, 212 AD2d 972, 973 [1995]). The plaintiff's supplemental bill of particulars dated June 26, 2008 specifies various provisions of the Industrial Code that were allegedly violated, and Ramapo did not argue in the Supreme Court that those provisions were inadequate to support a cause of action under Labor Law § 241 (6) (*see Rios v 474431 Assoc.*, 278 AD2d 399 [2000]; *Singh v Eisen*, 260 AD2d 363 [1999]).

The Supreme Court correctly denied that branch of Ramapo's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it. While Ramapo's submissions established, prima facie, that Grasskeeper's work at the premises was limited to routine maintenance that would be outside the scope of Labor Law § 241 (6) (*see Oser v Truck King Intl.*, 60 AD3d 832 [2009]; *Azad v 270 5th Realty Corp.*, 46 AD3d 728, 729-730 [2007]; *Burr v Short*, 285 AD2d 576, 576-577 [2001]), additional papers submitted raised a triable issue of

fact as to whether its work fell within the parameters of Labor Law § 241 (6) as part of a broader construction, demolition, or excavation project replacing multiple railroad ties of a retaining wall (*see Vitaliotis v Village of Saltaire*, 229 AD2d 575 [1996]; *cf. Hurtado v Interstate Materials Corp.*, 56 AD3d 722 [2008]; *Bedneau v New York Hosp. Med. Ctr. of Queens*, 43 AD3d 845 [2007]; *Garcia v Silver Oak USA*, 298 AD2d 555 [2002]).

Ramapo argues that the plaintiff's opposing affidavit should not have been considered by the Supreme Court because it was inadmissible, and that its summary judgment motion should therefore have been granted, in effect, as unopposed. Specifically, Ramapo argues that the plaintiff had testified at his earlier deposition through a Spanish-language translator as demonstrated by a copy of the deposition transcript submitted with Ramapo's reply papers. The plaintiff's affidavit in opposition to summary judgment, which was in English, was not accompanied by an affidavit of a qualified translator attesting to the accuracy of the English-language affidavit, as required by CPLR 2101 (b).

This Court has held that the absence of a translator's affidavit, required of foreign-language witnesses, renders the witness's English-language affidavit facially defective and inadmissible (*see Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]). The requirement of CPLR 2101 (b) that affidavits of non-English-speaking witnesses be accompanied by a translator's affidavit setting forth the translator's qualifications and the accuracy of the English version submitted to the court makes sense. Summary judgment is a drastic remedy made in lieu of a trial which resolves the case as a matter of law (*see Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). Parties opposing a motion for summary judgment are required to proffer evidence that is in admissible form, with rare exceptions not applicable here. A witness at trial would not be permitted to testify in a foreign language, or to proffer documents in a foreign language, without the benefit of a sworn English-language translation (*see Quispe v Lemle & Wolff, Inc.*, 266 AD2d 95, 96 [1999]; *cf. People v Watkins*, 12 AD3d 165, 166 [2004]), and there is no valid reason why a more relaxed evidentiary standard should govern summary judgment applications. Accordingly, the plaintiff's English-language affidavit, without a corresponding affidavit from a qualified translator, cannot be considered in opposition to Ramapo's motion.

Ramapo's argument about the inadmissibility of the plaintiff's English-language affidavit in opposition, while correct, does not

change the outcome of this appeal. Ramapo proffered the plaintiff's translated deposition transcript in reply papers, ostensibly to show the plaintiff's need at that time of a translator. While documents which are submitted for the first time in reply cannot be used by a movant to meet the prima facie burden of proof for summary judgment (*see Tingling v C.I.N.H.R., Inc.*, 74 AD3d 954, 956 [2010]; *Yeum v Clove Lakes Health Care & Rehabilitation Ctr., Inc.*, 71 AD3d 739 [2010]; *Edwards v Great Atl. & Pac. Tea Co., Inc.*, 71 AD3d 721 [2010]; *Rengifo v City of New York*, 7 AD3d 773 [2004]), here, the deposition transcript was not proffered by Ramapo to meet its prima facie burden. Instead, the transcript of the plaintiff's translated deposition, which sufficiently mirrors his noncompliant affidavit (*see* CPLR 2101 [b]), was proffered to address perceived deficiencies in the plaintiff's opposition to summary judgment. The transcript independently raised questions of fact so as to defeat Ramapo's own motion. Ramapo, as the party proffering the deposition transcript in its reply, cannot object to this Court's consideration of the entirety of the exhibit, including those portions that raise triable issues of fact sufficient to defeat summary judgment.

Contrary to Ramapo's contention set forth in footnote eight of its brief, that the Supreme Court failed to disregard the plaintiff's inadmissible English-language affidavit, a close reading of the order appealed from does not demonstrate that the Supreme Court relied on the plaintiff's inadmissible affidavit at all. The order describes facts and allegations to which the "plaintiff testified." Such "testimony," as described, may carefully and appropriately refer merely to the plaintiff's deposition which, as noted, is admissible.

### IV. Appeal by Arco

Arco separately moved for summary judgment dismissing the complaint. The Supreme Court denied the motion on the ground that since issue had not yet been joined between Arco and the plaintiff, the motion was premature (*see* CPLR 3212 [a]). Furthermore, the Supreme Court declined to treat what was in actuality a pre-answer motion to dismiss as a motion for summary judgment. We affirm the Supreme Court's determination (*see* CPLR 3212 [a]; *City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]; *Shaibani v Soraya*, 71 AD3d 1121 [2010]).

The defendants' remaining arguments either are without merit or have been rendered academic by our determination. Therefore, the order is affirmed insofar as appealed from.

RIVERA, J.P., ANGIOLILLO and AUSTIN, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.