■ ZARBEENA RAZA, Respondent, v VLADIMIR V. GUNIK, Appellant. [12 NYS3d 116]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated July 31, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when a vehicle she was driving was struck by a vehicle owned and operated by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries. She subsequently moved for summary judgment on the issue of liability, contending that the defendant's alleged violation of Vehicle and Traffic Law § 1128 (a), which prohibits unsafe lane changes, was the sole proximate cause of the accident. The Supreme Court granted the plaintiff's motion, and the defendant appeals.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence which demonstrated that the defendant was negligent because he violated Vehicle and Traffic Law § 1128 (a), that his negligence was the sole proximate cause of the accident, and that the plaintiff was free from comparative fault (see *Reyes-Diaz v Quest Diagnostic Inc.*, 123 AD3d 790 [2014]; *Walker v Patrix Trucking NY Corp.*, 115 AD3d 943, 944 [2014]; *Ducie v Ippolito*, 95 AD3d 1067, 1068 [2012]).

In opposition, the defendant failed to raise a triable issue of fact. The only evidence the defendant submitted in opposition to the motion was his own affidavit. The defendant stated in the affidavit that the affidavit had been translated from English to Russian for him so that he could understand it, but the affidavit was not accompanied by a translator's affidavit setting forth the translator's qualifications and stating that the translation was accurate (see CPLR 2101 [b]; *Reyes v Arco*

*Wentworth Mgt. Corp.*, 83 AD3d 47, 54 [2011]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]). Therefore, the defendant's affidavit was "facially defective and inadmissible" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d at 54).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.