1650 Realty Associates, LLC, Respondent, 
against
Ibrahim Sasoun, Appellant, -and- "JOHN DOE" and "JANE DOE", Undertenants.



Appeal from an order and final judgment of the Civil Court of the City of New York, Kings County (Marina C. Mundy, J.), both entered May 15, 2015. The order granted landlord's motion for summary judgment and denied tenant's cross motion for summary judgment dismissing the petition in a holdover summary proceeding. The final judgment, entered pursuant to the order, awarded landlord possession and the principal sum of $49,354.55.




ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the final judgment is affirmed, without costs.
The appeal from the order entered May 15, 2015 is dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the final judgment (see CPLR 5501 [a] [1]).
In this holdover proceeding based upon tenant's failure to sign a renewal lease for his rent-stabilized apartment (Rent Stabilization Code [9 NYCRR] § 2524.3 [f]), the Civil Court granted landlord's motion for summary judgment and denied tenant's cross motion for summary judgment dismissing the petition. A final judgment was entered pursuant to the order, awarding landlord possession and arrears of $49,354.55. On appeal, tenant argues that he raised triable issues of fact with respect to the service of the notice of termination, the service of the notice of petition and petition, and the timely delivery of the renewal lease. 
In his answer, among other things, tenant interposed the affirmative defense of lack of personal jurisdiction and made supporting factual allegations. The answer was written in English and verified by tenant. The verification, which was also written in English, included a statement that the answer had been read to tenant and translated to him. The answer and verification were not accompanied by a translator's affidavit. When landlord moved for summary judgment, its attorney argued that the verification was a nullity because it did not include the affidavit of a translator, citing Reyes v Arco Wentworth Mgt. Corp. (83 AD3d 47 [2011]). 
Tenant executed an affidavit in opposition to landlord's motion for summary judgment and in support of his cross motion for summary judgment dismissing the petition. Responding to the argument made by landlord regarding the verification of the answer, the affidavit alleges that the verification was "sufficient and applies to deponent who is helped by an interpreter." The affidavit is written in English, and states that tenant is not fluent in English and that the affidavit was read and translated to him before he signed it. Tenant also submitted an affidavit executed by his wife, which is written in English and states that the affidavit was translated to her before she signed it because she is not fluent in English. Neither affidavit is accompanied by a translator's affidavit. 
All of tenant's arguments on appeal rely upon sworn allegations made in the affidavits executed by tenant and his wife, which allege that they had been translated, but are not accompanied by a translator's affidavit. "The absence of a translator's affidavit, required of foreign-language witnesses, renders the witness's English-language affidavit facially defective and inadmissible" (Reyes, 83 AD3d at 54; see also CPLR 2101 [b]; Raza v Gunik, 129 AD3d 700 [2015]). 
Accordingly, the final judgment is affirmed. 
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016