JAN WADLOWSKI, Respondent, v PHILLIP EAN COHEN, Appellant. [55 NYS3d 279]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated January 15, 2015, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while performing demolition work at the defendant's home when he fell 14 feet from a balcony that had no railing onto the ground below. At the time of the accident, the plaintiff allegedly was throwing a door from the balcony when a protruding doorstop caught his clothing, causing the weight of the door to pull him over the ledge. The plaintiff commenced this action against the defendant homeowner to recover damages for his injuries, asserting causes of action alleging violations of Labor Law §§ 240 (1), 241 (6), and 200, as well as common-law negligence. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.

The Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). "Labor Law §§ 240 and 241 provide an exemption for owners of single and two-family houses such that liability can only be imposed where the homeowner directs or controls the work being performed" (*Tomecek v Westchester Ad-*

*ditions & Renovations, Inc.*, 97 AD3d 737, 738 [2012]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]). "In this regard, the phrase 'direct or control' is to be strictly construed and, in ascertaining whether a particular homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured employee" (*Jenkins v Jones*, 255 AD2d 805, 805-806 [1998] [citation omitted]; *see Bombard v Pruiksma*, 110 AD3d 1304, 1305 [2013]). Here, the proof submitted in support of the defendant's motion for summary judgment raises triable issues of fact as to whether he exercised the requisite degree of direction and control over the injury-producing method of work so as to impose liability under Labor Law §§ 240 (1) and 241 (6) (*see Szczepanski v Dandrea Constr. Corp.*, 90 AD3d 642, 643-644 [2011]; *cf. Bausenwein v Allison*, 126 AD3d 1466, 1467 [2015]). Notably, the plaintiff testified at his deposition that the defendant personally directed the workers not to throw the debris out of a window and, instead, to throw the debris from the balcony that lacked a railing. Since the defendant failed to meet his prima facie burden, those branches of his motion were properly denied without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Further, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (*DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "[W]hen a worker at a job site is injured as a result of a dangerous or defective premises condition, a property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether there is evidence that the property owner created the condition, or had actual or constructive notice of it and a reasonable amount of time within which to correct the condition" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 49 [2011]; *see Chowdhury v Rodriguez*, 57 AD3d at 130). "[W]hen a worker at a job site is injured as a result of dangerous or defective equipment used in the performance of work duties, the property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether the property owner had the authority to supervise or control the means and methods of the work" (*Reyes v Arco Wentworth Mgt. Corp.*, 83

AD3d at 49; *see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Where, as here, "an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d at 52). Here, the defendant failed to establish that he did not have actual or constructive notice of the alleged dangerous condition which caused the plaintiff's injury and that he did not have the authority to supervise or control the means and methods of the plaintiff's work (*see Chilinski v LMJ Contr., Inc.*, 137 AD3d 1185, 1187 [2016]; *cf. DiMaggio v Cataletto*, 117 AD3d at 986-987). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.