Kusayev v Sussex Apts. Assoc., LLC (2018 NY Slip Op 05458)





Kusayev v Sussex Apts. Assoc., LLC


2018 NY Slip Op 05458


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-08657
 (Index No. 11523/13)

[*1]Mikhail Kusayev, appellant, 
v
Sussex Apartments Associates, LLC, defendant third-party plaintiff- respondent, et al., defendants; M.S. Berkoff Company, Inc., doing business as Berkoff-Fox, third-party defendant-respondent.


Serhiy Hoshovsky, New York, NY, for appellant.
Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Arshia Hourizadeh], of counsel), for defendant third-party plaintiff-respondent.
Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Michael G. Mehary of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered July 16, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff, a delivery truck driver, allegedly was injured while delivering building materials to an apartment building. According to the plaintiff, the accident occurred immediately after he pulled a hand truck loaded chest high with boxes of tile and bags of "Thin-Set" and cement, among other things, up a single four-inch step at the entrance to the building. The plaintiff lost his balance and fell, causing the building materials to fall on top of him. The plaintiff commenced this action against, among others, Sussex Apartments Associates, LLC (hereinafter Sussex), the owner of the apartment building, to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Sussex commenced a third-party action against M.S. Berkoff Company, Inc., doing business as Berkoff-Fox (hereinafter Berkoff), the plaintiff's employer, for, inter alia, contractual indemnification.
Sussex moved for summary judgment dismissing the complaint insofar as asserted against it and in its favor on its third-party cause of action for contractual indemnification, and Berkoff moved for summary judgment dismissing the complaint insofar as asserted against Sussex and dismissing the third-party complaint. The Supreme Court, inter alia, granted those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted against [*2]Sussex. The plaintiff appeals.
Sussex and Berkoff each established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Sussex. The evidence supporting the motions established that at the time of the accident, the plaintiff was not engaged in construction work within the meaning of Labor Law § 240(1), and was not working in a construction area within the meaning of Labor Law § 241(6), since the building materials were not being "readied for immediate use" (Sprague v Louis Picciano, Inc., 100 AD2d 247, 250), but were instead being "stockpil[ed] for future use" (Parot v City of Buffalo, 174 AD2d 1034, 1034; see Peterkin v City of New York, 5 AD3d 652; Demeza v American Tel. & Tel. Co., 255 AD2d 743, 744). In opposition, the plaintiff failed to raise a triable issue of fact.
"Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (DiMaggio v Cataletto, 117 AD3d 984, 986; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Wadlowski v Cohen, 150 AD3d 930, 931). "[W]hen a worker at a job site is injured as a result of a dangerous or defective premises condition, a property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether there is evidence that the property owner created the condition, or had actual or constructive notice of it and a reasonable amount of time within which to correct the condition" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 49; see Chowdhury v Rodriguez, 57 AD3d 121, 130). "[W]hen a worker at a job site is injured as a result of dangerous or defective equipment used in the performance of work duties, the property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether the property owner had the authority to supervise or control the means and methods of the work" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 49; see Ortega v Puccia, 57 AD3d 54, 61). Where, as here, "an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
Sussex and Berkoff each established, prima facie, both that Sussex did not create or have actual or constructive notice of the alleged condition which caused the plaintiff's injury, and that it did not supervise or control the means and methods of the plaintiff's work (see generally id.; Chowdhury v Rodriguez, 57 AD3d 121). In opposition to Sussex's and Berkoff's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the separate motions which were for summary judgment dismissing the complaint insofar as asserted against Sussex.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court