Cutrona v Plaza Constr. (2018 NY Slip Op 08112)





Cutrona v Plaza Constr.


2018 NY Slip Op 08112


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04505
 (Index No. 22818/13)

[*1]Neal Cutrona, appellant, 
v
Plaza Construction, et al., respondents.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Beth S. Gereg, and Jillian Rosen of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Bernice Margolis of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered March 24, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a journeyman electrician employed by a nonparty subcontractor at a construction project, allegedly was injured while working at the project as he was drilling holes through a plywood floor and the drill he was using "bound up," causing it to twist and fracture his hand. The plaintiff commenced this action against, among others, Plaza Construction, the general contractor on the construction project, alleging violations of Labor Law § 200 and common-law negligence.
We agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not provide the equipment at issue and did not have the authority to supervise or control the performance of the work. The plaintiff's conclusory contention that he believed the equipment was provided by Plaza Construction is insufficient to raise a triable issue of fact in opposition (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47; Ortega v Puccia, 57 AD3d 54).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court