Rajkumar v Lal (2019 NY Slip Op 01628)





Rajkumar v Lal


2019 NY Slip Op 01628


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-01390
 (Index No. 7368/11)

[*1]Terry Rajkumar, appellant,
v Mahendralall Lal, et al, respondents.


The Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin and Meir Katz of counsel), for appellant.
Ryan, Perrone & Hartlein, P.C., Mineola, NY (William T. Ryan and Amy E. Bedell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated September 13, 2016. The judgment, upon an order of the same court entered July 1, 2016, granting the defendants' motion for summary judgment dismissing the complaint, dismissed the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
The plaintiff was hired by the defendant Mahendralall Lal (hereinafter Lal) to cut down a tree branch at a home owned by Lal and his wife, Ganwattie Lal. While standing on a ladder and cutting the branch, the plaintiff was struck by something—he did not know what, other than that it came from above him—and he fell off the ladder and was injured. The plaintiff commenced this action against the Lals, alleging violations of Labor Law §§ 200, 240(1), 241(6), and common-law negligence. Ganwattie Lal died after the action was commenced, and the administrator of her estate was substituted as a party defendant. After discovery was completed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
The main factual issue in dispute in this case is whether Lal directed the performance of the plaintiff's work. The plaintiff testified at his deposition that Lal was actually present, told him how to go about cutting the tree branch, and actually participated in the work. Lal testified at his deposition that after telling the plaintiff which branch he wanted the plaintiff to cut, he left the premises and was not present when the plaintiff was injured. In support of their motion for summary judgment, the defendants submitted transcripts of the deposition testimony of both Lal and the plaintiff.
The conflicting evidence that the defendants submitted in support of their motion demonstrated the existence of triable issues of fact with respect to all causes of action. First, with respect to the Labor Law §§ 240(1) and 241(6) causes of action, the only issue properly before us is whether the exception to those statutes for "owners of one and two-family dwellings who contract for but do not direct or control the work" is applicable. In determining whether a homeowner is [*2]entitled to that exemption, "the phrase direct or control' is to be strictly construed and, in ascertaining whether a particular homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured employee" (Jenkins v Jones, 255 AD2d 805, 805-806 [citation omitted]; see Wadlowski v Cohen, 150 AD3d 930, 931). The conflicting evidence submitted by the defendants in support of their motion demonstrated the existence of a triable issue of fact as to whether Lal supervised the method and manner of the actual work and, if so, to what degree (see Wadlowski v Cohen, 150 AD3d at 931-932). We note that the defendants did not timely raise their contention that Labor Law §§ 240(1) and 241(6) did not apply to the tree-cutting activity in which the plaintiff was engaged (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 990), so that contention is not properly before this Court on this appeal (see Zarabi v Movahedian, 136 AD3d 895, 896).
The Supreme Court also should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence. When a worker at a job site is injured as a result of the "means and methods" of the performance of the work, the property owner's liability under Labor Law § 200 and for common-law negligence is determined by whether the property owner had the authority to supervise or control the means and methods of the work (see Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 958). Here, the evidence submitted by the defendants raised a triable issue of fact as to whether Lal had the authority to supervise or control the means and methods in which the plaintiff performed his work (see Orellana v Dutcher Ave. Bldrs., Inc., 58 AD3d 612, 614).
Accordingly, since the defendants' submissions demonstrated the existence of triable issues of fact as to all causes of action, the Supreme Court should have denied their motion without regard to the sufficiency of the plaintiff's papers submitted in opposition (see Gillet v City of New York, 165 AD3d 1064, 1065).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court