**Gojic v New York Presbyt. Hosp.**

2026 NY Slip Op 30697(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 156038/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ARLENE P. BLUTH</u>                    PART                    14
                                          *Justice*

-----------------------------------------------------------------------------X

ZELJKO GOJIC, NIKOLINA BAZDARIC,

                              Plaintiffs,

                - v -

NEW YORK PRESBYTERIAN HOSPITAL, NEW YORK
PRESBYTERIAN HEALTHCARE SYSTEM, INC.,BOVIS
LEND LEASE LMB, INC.,LEND LEASE (US)
CONSTRUCTION LMB INC., [1]

                              Defendants.

-----------------------------------------------------------------------------X

NEW YORK PRESBYTERIAN HOSPITAL, NEW YORK
PRESBYTERIAN HEALTHCARE SYSTEM, INC., BOVIS
LEND LEASE LMB, INC., LEND LEASE (US)
CONSTRUCTION LMB INC.

                              Plaintiffs,

                -against-

NELSON AIR DEVICE CORPORATION

                              Defendants.

-----------------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 156038/2018 |
| MOTION DATE | 02/13/2026 |
| MOTION SEQ. NO. | 006 007 008 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595516/2020

The following e-filed documents, listed by NYSCEF document number (Motion 006) 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 209, 214, 218, 226, 227, 228, 229, 230, 231, 233, 234

were read on this motion to/for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 207, 211, 215, 219, 235

were read on this motion to/for                    SUMMARY JUDGMENT                    .

---

[1] In this Court's decision in MS005 dated December 16, 2025, this Court directed defendants to serve a copy of a prior consolidation order on the General Clerk's office in order to properly amend the caption (NYSCEF Doc. No. 212). Defendants failed to do so and therefore the caption does not reflect that Nelson Air Device Corporation is a direct defendant.

**156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL**                    **Page 1 of 11**
  **Motion No.  006 007 008**

1 of 11

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 008) 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 210, 216, 220, 221, 222, 223, 224, 225, 232

were read on this motion to/for                 SUMMARY JUDGMENT        .

Motion Sequence Numbers 006, 007 and 008 are consolidated for disposition.

**Background**

In this Labor Law action, plaintiff Gojic (hereinafter "plaintiff") seeks recovery for injuries he allegedly suffered after slipping and falling on loose stone or gravel at the job site. Plaintiff was working for NNC Mechanical Corp.[2] at a construction job for a hospital while a member of a steamfitters' union (NYSCEF Doc. No. 164 at 42-43).

On the morning of the accident, plaintiff was tasked with moving large, crated condenser units (HVAC equipment) on a dolly while on the roof of the building (*id*. at 71). He added that once the unit was placed on the dolly, "I had to find how to transport the unit across the rocks. So I found two pieces of plywood that . . . were in the corner somewhere used, so we got those pieces of plywood. I laid them down, one on the unit and one in front of the unit (*id*.)." To move the unit, "I began moving the unit onto the next sheet of plywood. I would remove the plywood it came off of and put it in front of the current plywood that the unit's on" (*id*. at 74).

Plaintiff was working with three coworkers and the unit had to be transported about 80 or 100 yards (*id*. at 74-75). "The accident occurred at the end point where we were putting it close to its final resting place, yes" (*id*. at 76). The unit was about 15 feet from its final spot when two workers who were helping plaintiff left to do work on another task (*id*. at 81). So plaintiff was left with one other person for the last stretch (*id*. at 82).

---

[2] Although the deposition transcript refers to plaintiff's employer as NNC, the parties' papers refer to it as N&C Mechanical.

156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL         Page 2 of 11
Motion No. 006 007 008

2 of 11

[* 2]

"We were pushing, pulling, it was on one side and that's where the dolly got caught, hinged on something. I went to kneel down and that's when I slipped on the rocks" (*id*.). Plaintiff testified that dolly got caught and that "I believe the plywood had a crack in it and it got stuck in the crack" (*id*. at 83).

Plaintiff observed that one of dolly's wheels got caught in the crack (*id*.). He added that he "kneeled down to try to adjust it and I slipped and tripped over the rocks, hit the ground" (*id*).

In MS006, defendants NEW YORK PRESBYTERIAN HOSPITAL, NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM INC., NEW YORK DOWNTOWN HOSPITAL, THE NEW YORK AND PRESBYTERIAN HOSPITAL, BOVIS LEND LEASE LMB, INC. and LEND LEASE (US) CONSTRUCTION LMB INC. (collectively, "Hospital Defendants") move for summary judgment dismissing plaintiff's claims and on their claims against third-party defendant Nelson Air Device Corporation ("Nelson"), the HVAC contractor.

In MS007, Nelson moves for summary judgment. It contends that it neither created nor had notice of the condition of the roof and did not maintain any control over the means and methods of the work. It also insists that plaintiff's claims based on Labor Law § 241(6) and 240(1) should be dismissed.

In MS008, plaintiff moves for summary judgment on his Labor Law § 241(6) claim premised on three Industrial Code sections. He emphasizes that Lend Lease was responsible for site safety and that it hired subcontractors for the project.

**Labor Law § 240(1)**

This claim is severed and dismissed as plaintiff withdrew this claim in his opposition (NYSCEF Doc. No. 214, ¶ 5).

156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL
Motion No.  006 007 008

Page 3 of 11

**Labor Law § 200**

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . . [A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

Hospital Defendants contend that because they did not control or direct plaintiff's work, they cannot be held liable under a Labor Law § 200 claim. Nelson also argues that it did not supervise the means or methods of plaintiff's work or that it had constructive notice of any dangerous condition.

Plaintiff argues that Lend Lease had the authority to supervise the work and to control the construction. He insists that Lend Lease was responsible for safety and that it had the authority to stop work to correct any dangerous or unsafe condition.

With respect to Nelson, plaintiff argues that it did not establish that it did not exercise control or supervision over plaintiff. He points out that Nelson's witness testified that all project

156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL          Page 4 of 11
Motion No.  006 007 008

[* 4]                                         4 of 11

managers from this job are no longer employed by Nelson. Plaintiff emphasizes that although Lend Lease was required to direct the work, Nelson's contract required it to supervise the performance of any subcontractor's work and plaintiff's employer was Nelson's subcontractor.

In this Court's view, this is a means and methods case as the gravel on the roof was not an inherently dangerous condition under the Labor Law. Rather, the issue here is the method used to transport the large condenser unit on top of the gravel and whether there was a better and safer way to accomplish this task than using the plywood plaintiff found on the roof.

Therefore, the Court dismisses the Labor Law § 200 claim but only as against the owner defendants, defendants NEW YORK PRESBYTERIAN HOSPITAL, NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM INC., NEW YORK DOWNTOWN HOSPITAL, THE NEW YORK AND PRESBYTERIAN HOSPITAL as there is no evidence that these parties had any role in supervising or controlling plaintiff's work. A "property owner will only be liable under Labor Law § 200 if it was possessed of the authority to supervise or control the means and methods of the work" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 51, 919 NYS2d 44 [2d Dept 2011]).

And the Court denies the motion with respect to the Lend Lease defendants (BOVIS LEND LEASE LMB, INC., LEND LEASE (US) CONSTRUCTION LMB INC.) and Nelson. Lend Lease's witness testified that it was responsible for site safety at the job site, that he would walk the site daily and had the authority to stop work and correct a task (NYSCEF Doc. No. 183 at 51-53). This creates an issue of fact concerning Lend Lease' responsibility to supervise whether the decision to move the condenser unit via a dolly and plywood, balanced over the roof gravel, was safe. A fact finder might conclude that Lend Lease should have stopped the work or

**156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL**                    **Page 5 of 11**
  **Motion No.  006 007 008**

5 of 11

suggested a better method to transport this unit given Lend Lease's overall responsibilities on the site.

The Court also denies this branch of Nelson's motion as it did not meet its prima facie burden on this issue. Nelson's motion papers were not accompanied by an affirmation from someone with personal knowledge and the witness it produced did not have any first-hand knowledge about this job. At her deposition, Nelson's witness claimed that "no one [at Nelson] had relevant information about this accident" and that "Nelson Air's project managers that may have worked with the project were not working with the company anymore" (NYSCEF Doc. No. 185 at 13). And when asked about the relationship between Nelson and plaintiff's employer, Nelson's witness was unable to offer any relevant information, including whether Nelson subcontracted out any work to plaintiff's employer (*id*. at 15-16). As Nelson did not meet its prima facie burden on these papers, its motion must be denied.

**Labor Law § 241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are

**156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL**     **Page 6 of 11**
  **Motion No.  006 007 008**

6 of 11

[* 6]

not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

As an initial matter, plaintiff withdrew his claims under this cause of action with respect to Industrial Code sections 23-1.5, 23-1.11, 23-1.23, 23-1.24, 23-1.28, 23-2.1. Therefore, the only sections at issue are 23-1.7(e)(1) and (2), as well as 23-1.7(d). Plaintiff moves for summary judgment on these sections. The Court observes that although the Hospital Defendants seek summary judgment as to all Industrial Code sections cited by plaintiff, they did not specifically address 23-1.7(d). That they may have discussed it generally and raised it in an opposition to plaintiff's motion is not sufficient. They needed to specifically make arguments in their moving papers.

23-1.7(e)(1) provides that "All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered."

The Court severs and dismisses this portion of plaintiff's Labor Law § 241(6) claim as the accident in question has nothing to do with tripping or a condition which could cause tripping. Plaintiff says that he slipped on the gravel while transporting heavy equipment. The Court is unable to conclude that the gravel constitutes dirt or debris for purposes of this subsection. This dismissal applies to both the Hospital Defendants and Nelson.

23-1.7(e)(2) states that: "Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from

156038/2018  GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL
Page 7 of 11
Motion No. 006 007 008

7 of 11

[* 7]

scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

For similar reasons the Court severs and dismisses this portion of plaintiff's claim. There is no evidence that the gravel on the roof was "dirt or debris" that proximately caused plaintiff's accident. This dismissal applies to both the Hospital Defendants and Nelson.

23-1.7(d) provides that "Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

As noted above, the Hospital Defendants did not make specific arguments about this claim in their moving papers. Nelson claims that the gravel was not a slipping hazard.

Plaintiff argues that he is entitled to summary judgment on this section on the ground that the gravel was the proximate cause of his accident as he slipped while working on the roof.

The Court denies all claims for relief based on this Industrial Code subsection. The central question is whether or not the gravel constitutes a "foreign substance" and there is no evidence to make a conclusion as a matter of law. As the Court of Appeals has recently observed with respect to this Industrial Code section, a Court must consider whether the substance was a "component" of the area and whether it was necessary to the entity's "functionality" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 319, 209 NYS3d 310 [2024]). In *Bazdaric*, the Court of Appeals found that plastic covering on an escalator was a foreign substance because it was not normally found on an escalator and, in fact, would make it impossible to operate (*id*. at 319-20).

**156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  006 007 008**

Page 8 of 11

8 of 11

[* 8]

In *Ruisech v Structure Tone* (42 NYS3d 1061, 1065, 226 NYS3d 164 [2024]), the Court of Appeals denied summary judgment in favor of Labor Law defendants where a plaintiff slipped on "concrete pebbles" on the basis that these defendants failed to show that the pebbles were not a "foreign substance."

Here, no party established as a matter of law that the gravel on the roof was (or was not) a foreign substance. There is no evidence to definitely conclude whether or not this gravel was essential to the roof in some way, which means this Court cannot make a determination. Although Lend Lease's witness admitted that while the gravel made the roof a little slippery (NYSCEF Doc. No. 94 at 103), no party cited any dispositive testimony discussing what purpose the gravel served.

**Remaining Claims**

Hospital Defendants seek summary judgment on their common law and contractual indemnification claims against Nelson. Nelson contends that it was Lend Lease who controlled the means and methods of the work.

"In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability. Whether or not the proposed indemnitor was negligent is a non-issue and irrelevant. In distinction, in the case of common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident for which the indemnitee was held liable to the injured party by virtue of some obligation imposed by law, such as the non-delegable duty imposed" (*Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1st Dept 1999]).

**156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  006 007 008**

**Page 9 of 11**

9 of 11

Here, the Court grants this branch of the motion, but only to the extent that defendants NEW YORK PRESBYTERIAN HOSPITAL, NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM INC., NEW YORK DOWNTOWN HOSPITAL, THE NEW YORK AND PRESBYTERIAN HOSPITAL are entitled to conditional contractual indemnification. The contract entered into between Lend Lease and Nelson required indemnification for the owners for injuries arising out of Nelson's work (NYSCEF Doc. No. 167, ¶ 12). Here, plaintiff's employer was a subcontractor for Nelson. And the Court found above that the owners were not liable under a Labor Law § 200 claim, which means that plaintiff's only possible theory of liability against them is under Labor Law § 241(6). Therefore, they are entitled to conditional contractual indemnity from Nelson as the owners only had to show they were free of negligence. The finding is conditional as there has been no finding of liability yet.

This branch of the motion is denied as to the Lend Lease defendants as they may have liability under Labor Law § 200.

Accordingly, it is hereby

ORDERED that defendants NEW YORK PRESBYTERIAN HOSPITAL, NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM INC., NEW YORK DOWNTOWN HOSPITAL, THE NEW YORK AND PRESBYTERIAN HOSPITAL, BOVIS LEND LEASE LMB, INC. and LEND LEASE (US) CONSTRUCTION LMB INC.' motion (MS006) is granted to the extent the Court dismisses plaintiff's claims premised on Labor Law § 240(1), Labor Law § 241(6) based on Industrial Code sections 23-1.5, 23-1.11, 23-1.23, 23-1.24, 23-1.28, 23-2.1 as well as 23-1.7(e)(1) and (2), and plaintiff's Labor Law § 200 claim is dismissed as against the owner defendants NEW YORK PRESBYTERIAN HOSPITAL, NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM INC., NEW YORK DOWNTOWN HOSPITAL,

**156038/2018   GOJIC, ZELJKO vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  006 007 008**

Page 10 of 11

10 of 11

[* 10]

THE NEW YORK AND PRESBYTERIAN HOSPITAL, and these same owner defendants are entitled to contractual indemnification from Nelson Air Device Corporation; and it is further

ORDERED that Nelson Air Device Corporation's motion (MS007) is granted only to the extent that plaintiff's Labor Law §§ 240(1) is dismissed in its entirety and his 241(6) claim is dismissed based only on Industrial Code sections 23-1.5, 23-1.11, 23-1.23, 23-1.24, 23-1.28, 23-2.1 as well as 23-1.7(e)(1) and (2); and it is further

ORDERED that plaintiff's motion (MS008) for summary judgment is denied.

__2/25/2026__
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 11]